IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENOVA TECHNOLOGY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 13-1011-LPS |
| ) | |
| SEAGATE TECHNOLOGY (US) HOLDING, INC. ) and SEAGATE TECHNOLOGY LLC, ) | |
| ) | |
| Defendants. ) | |

## SCHEDULING ORDER

This 22nd day of May, 2014, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on April 30, 2014, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within **twenty (20) days** of the date of this Order. The parties will submit an e-discovery plan to the court **within thirty (30) days** of the date of this Order, in lieu of agreeing to the Court's Default Standard for Discovery of Electronic Documents.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings except for amendments or supplementations relating to inequitable conduct, shall be filed on or before **September 19, 2014**. Motions to add claims and/or affirmative defenses, if any, relating to inequitable conduct shall be filed no later

than 30 days before the deadline for close of fact discovery.

3. <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **May 1, 2015**. All expert discovery in this case shall be initiated so that it will be completed on or before **September 15, 2015**.

b. <u>Document Production</u>. Document production shall be substantially complete by **December 15, 2014**.

c. <u>Requests for Admission</u>. A maximum of **100** requests for admission are permitted for each side.

d. <u>Interrogatories</u>.

i. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

e. <u>Depositions</u>.

i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of **70 hours** of taking testimony by deposition upon oral examination, excluding expert depositions. Except as the Court otherwise provides, each fact or expert witness shall not be deposed for more than 7 hours. Robert Wann, named inventor of all the patents-in-suit may be

deposed for 21 hours maximum (including any testimony in a personal or Rule 30(b)(6) capacity and including any testimony about the patents-in-suit), while any other inventor is subject to the normal 7-hour limit. If a witness requires an interpreter, the time allowed for the deposition will be increased by 100% for that witness, but the extra time allotted for the interpretation will not count toward the total hour limit.

    ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  f. <u>Initial Patent Discovery</u>.[1] Initial patent discovery shall be conducted pursuant to Section 4 of the Default Discovery Order.

  g. <u>Disclosure of Expert Testimony</u>.

    i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **June 1, 2015**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **July 1, 2015**. Reply expert reports from the party with the initial burden of proof are due on or before **July 31, 2015**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

---

[1] As these disclosures are "initial," each party shall be permitted to timely supplement before the close of fact discovery.

      ii. <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.  Any opposition or reply briefing shall follow the deadlines for oppositions and replies to dispositive motions set forth herein, unless otherwise ordered by the Court.

    h. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference.  On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

  If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery

matters procedures set forth in this Order.

4.   <u>Application to Court for Protective Order</u>.   Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **thirty (30) days** from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(h) above.

Any proposed protective order must include the following paragraph:

> *<u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.*

5.   <u>Papers Filed Under Seal</u>.   When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

8. <u>Interim Status Report</u>. On **December 20, 2014,** counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **September 22, 2014,** the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction

and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **October 10, 2014**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11. <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on **November 14, 2014**. The parties' answering/responsive briefs shall be contemporaneously submitted on **December 15, 2014**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

12. <u>Hearing on Claim Construction</u>. Beginning at 10:00 A.M. on **January 29, 2015**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

13. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **October 15, 2015**. Briefing will be presented pursuant to the Court's Local Rules, except that briefs and

affidavits, if any, opposing case dispositive motions shall be served and filed on or before **November 16, 2015**, and briefs and affidavits, if any, in reply to case dispositive motions shall be served and filed on or before **December 7, 2015**. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each side will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.

14. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference</u>. On **April 25, 2016**, ~~or as soon thereafter as is convenient to the Court~~, the Court will hold a pretrial conference in Court with counsel beginning at 10:00 A.M. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **April 18, 2016**. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

16. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be

limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

    17.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer disk containing each of the foregoing four (4) documents in WordPerfect format.

    18.    <u>Trial</u>. This matter is scheduled for a 10-day jury trial beginning at 9:30 A.M. on **May 9, 2016**. The trial shall continue as necessary through May 20, 2016, with the trial days beginning at 9:00 A.M. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 P.M. The trial will be timed, as counsel will be allocated a total number of **22 hours** in which to present their respective cases.

    19.    The dates above are summarized in the attached Exhibit A.

_____<br>
UNITED STATES DISTRICT JUDGE

## Exhibit A: Summary of Dates in Scheduling Order

| Event | Date |
|---|---|
| Document production completed | **December 15, 2014** |
| Joinder of parties and amendment of pleadings | **September 19, 2014;** **For inequitable conduct, 30 days before fact discovery closes** |
| Exchange list of claim terms to be resolved | **September 22, 2014** |
| File joint claim construction chart | **October 10, 2014** |
| Initial Markman briefs | **November 14, 2014** |
| Answering Markman briefs | **December 15, 2014** |
| Interim status report | **December 20, 2014** |
| Markman hearing | **January 29, 2015** |
| Fact discovery cutoff | **May 1, 2015** |
| Initial expert reports | **June 1, 2015** |
| Rebuttal expert reports | **July 1, 2015** |
| Reply expert reports | **July 31, 2015** |
| Expert discovery cutoff | **September 15, 2015** |
| Dispositive motions and *Daubert* motions | **Opening: October 15, 2015** **Response: November 16, 2015** **Reply: December 7, 2015** |
| Joint proposed final pretrial order | **April 18, 2016** |
| Final pretrial conference | **April 25, 2016** |
| Trial, 22 hours per side | **May 9, 2016** |

{00855015;v1 }